JONATHAN P. CILLEY *vs.* LIMEROCK RAILROAD COMPANY.

Knox County. Decided April 20, 1912. Trespass quare clausum. (See *Cilley* v. *Railroad Company*, 107 Maine, 117.) The rescript says: "The acts complained of are alleged to be the building and maintaining a railroad upon and across the plaintiff's

close. At the conclusion of the plaintiff's evidence the defendant informed the presiding Justice that it would offer no further evidence, and moved that a verdict for the defendant be directed which was done. The case comes up on an exception to that ruling, and another exception to the exclusion of certain testimony relating to the value of the locus.

"We think the ruling directing a verdict for the defendant was correct. It was incumbent upon the plaintiff to show, (1) that he had either the actual or constructive possession of the premises described in his writ, (2) that the defendant committed the alleged acts of trespass on the premises, and (3) the damages resulting to him on account thereof.

"The plaintiff did show that he had a title to one hundred and twenty-six one hundred and thirty-eights of the premises described in his writ, containing one fourth of an acre, and mentioned in the evidence as the 'Cook quarry.' The exact location, however, of the Cook quarry upon the face of the earth was in issue and if the decision of the question now before us depended upon whether or not the plaintiff had sufficiently established its location, we should be in much doubt and uncertainty about it. But our decision does not depend upon the determination of that question, for the plaintiff wholly neglected and omitted to prove the alleged acts of trespass. No evidence whatever was introduced tending to show that any of the acts complained of were committed by the defendant or by any one else. This was undoubtedly an inadvertent omission on the plaintiff's part, but it is nevertheless fatal to his case.

"Accordingly the ruling directing a verdict for the defendant was right. Inasmuch as the plaintiff failed to prove the acts of alleged trespass, a consideration of the other exception (to the exclusion of testimony relating to the value of the locus) is immaterial. The entry must therefore be: Exceptions to the ruling directing a verdict for the defendant overruled. Judgment on the verdict." *Jonathan P. Cilley*, pro se. *Arthur S. Littlefield*, for defendant.